ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

AMALIA FENTON #10837
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Amalia.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. CR 18-00159 HG |
|---|---|
| Plaintiff, | ) INFORMATION |
| vs. | ) [18 U.S.C. § 1344] |
| RIKI MAEDA, | ) |
| Defendant. | ) |

INFORMATION

The U.S. Attorney charges:

## Bank Fraud
## (18 U.S.C. § 1344)

The Scheme to Defraud

1. From in or about September 2014, and continuing through in or about March 2018, within the District of Hawaii, RIKI MAEDA, the defendant, did knowingly execute, and attempt to execute, a scheme and artifice to defraud Bank of Hawaii, a federally chartered and insured financial institution, and to obtain money, funds, and credits owned by and under the custody and control of Bank of Hawaii by means of false and fraudulent pretenses and representations, all as more fully set forth below.

2. MAEDA was the Treasurer of the Hawaii Youth Soccer Association Maui Youth League (HYSA Maui or the League). MAEDA's duties included collecting money remitted to the League and paying the League's expenses. To perform these duties, MAEDA had access to a checking account that HYSA Maui maintained at Bank of Hawaii. The funds in that account were to be used for authorized League expenses only. MAEDA diverted money from the HYSA Maui bank account for his own use by doing the following:

   a. MAEDA wrote unauthorized checks made payable to himself from the HYSA Maui Bank of Hawaii account. To make it appear as if the checks had been legitimately issued by HYSA Maui, MAEDA forged the signatures of

other HYSA Maui officials who had signatory authority over the League's Bank of Hawaii checking account.

    b. At times, MAEDA also wrote false information in the memo sections of the checks, making it appear as if the checks had been issued to reimburse MAEDA for legitimate HYSA Maui expenses, when in fact and as MAEDA knew, no such expenses had been incurred.

    c. MAEDA deposited the checks into his personal bank account, well knowing that he was not entitled to the funds. MAEDA thereby caused Bank of Hawaii to transfer money to which MAEDA was not entitled out of the HYSA Maui bank account and into MAEDA's personal bank account.

   3. By virtue of the foregoing conduct, all of which was done without the consent of HYSA Maui or its board members, MAEDA caused Bank of Hawaii to transfer to MAEDA $180,203.73 in money and credits under its care, custody, and control.

   4. On or about December 11, 2014, in the District of Hawaii, MAEDA did knowingly execute, and attempt to execute, the aforesaid scheme and artifice to defraud Bank of Hawaii by knowingly submitting a false and fraudulent check to Bank of Hawaii, namely, check number 4786 in the amount of $2,623.00, bearing the forged signatures of R.Y. and K.Y., and the phrase "Pins + Coins Reimbursement" in the memo section.

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATIONS

1. The allegations contained in all paragraphs of this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).

2. The United States hereby gives notice to the defendant charged in this Information that, upon conviction of the charged offense, the government will seek forfeiture, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1344, alleged in this Information, including but not limited to a sum of money equal to at least $180,203.73 in United States currency.

3. If by any act or omission of the defendant, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty, the United States of America will be entitled to the forfeiture of substitute property up to the value of the property described above in paragraph 2, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

DATED: OCT 1 9 2018, 2018, at Honolulu, Hawaii.

_____
KENJI M. PRICE
United States Attorney
District of Hawaii

_____
AMALIA L. FENTON
Assistant U.S. Attorney

United States v. Riki Maeda
Information
Cr. No.

5